UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:03-cr-281-T-23EAJ
8:05-cv-14-T-23EAJ

PUBLIO BUSTOS
_____________________________________/

**O R D E R**

Bustos's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Bustos's conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, for which offense he was sentenced to 135 months. Despite the standard appeal waiver in the plea agreement (Doc. 103), Bustos appealed. The conviction and sentence were affirmed (Doc. 304).[1] The United States admits that the motion to vacate is timely, Response at 5 (Doc. 4), but argues that the grounds are not reviewable on the merits.

**FACTS**[2]

> During June of 2003, Defendant Publio Bustos (hereinafter Defendant) was a knowing and willing participant in the smuggling of approximately thirteen hundred (1,300) kilograms of cocaine on board the Colombian-flagged fishing vessel (F/V) Carlos David. The Defendant assisted in the possession, with intent to distribute, that shipment of cocaine.
>
> The Defendant was a crew member aboard the F/V Carlos David and departed from Buenaventura on board the F/A Carlos David on or about June 13, 2003, with the other crew members. Prior to leaving Buenaventura, the Defendant and other crew members were advised that they would be participating in a drug smuggling venture and the Defendant

[1] The circuit court remanded for the district court to correct the scrivener's errors in the judgment.

[2] This summary of the facts derives from the plea agreement (Doc. 103).

and other crew members were paid a portion of their money for the drug trip "up front." The captain of the F/A Carlos David was Angel Santiago Paredes-Ruiz.

After departing Buenaventura, the F/A Carlos David traveled in a southerly direction and engaged in fishing activities. After several days at sea, the F/A Carlos David met up with individuals in the area of San Juan del Sur (on the southern coast of Colombia). Those individuals, with the assistance of crew members on board the F/A Carlos David, loaded bales of cocaine onto the F/A Carlos David. Crew members on board the F/A Carlos David then placed the bales of cocaine into a hidden compartment on board the F/A Carlos David and closed and concealed the hidden compartment.

The F/A Carlos David then traveled in a northerly direction to a location off the coast of Costa Rica. The F/A Carlos David was to meet up with another vessel and transfer the cocaine to that vessel. However, on June 28, 2003, the F/A Carlos David was boarded by a U.S. Coast Guard law enforcement detachment who discovered the hidden compartment and seized 65.5 bales of cocaine (each bale contained approximately 20 kilograms of cocaine).

In accordance with a bi-lateral agreement between the United States and the Government of Colombia, Colombia consented to the United States exercising jurisdiction over the F/A Carlos David and its crew. As a result, the F/A Carlos David and its crew are subject to the jurisdiction of the United States.

## GROUNDS

The United States correctly argues that most of Bustos's grounds are not subject to review on the merits. Bustos's conviction is based on a negotiated plea. The plea agreement specifically states that Bustos "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provision contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . .

." Plea Agreement ¶ 4 at 10 (Doc. 103). Bustos was sentenced to the guidelines minimum of 135 months imprisonment, which was neither an upward departure nor above the statutorily authorized maximum sentence. Consequently, Bustos's waiver of his right to challenge the guidelines sentence is controlling.

The magistrate judge ensured during the entry of the guilty plea that Bustos understood the significance of the appeal waiver.

> THE COURT: [T]he next provision of your agreement that I need to go over has to do with limiting your right to appeal your sentence and that's on pages 10 and 11, and it says, appeal of sentence waiver. . . . This provision is different from the substantial assistance cooperation agreement. And in this agreement, you agree to limit your right to appeal your sentence to only three things; if the Court makes an upwards departure from the guidelines in sentencing you, if the Court violates the law apart from the Sentencing Guidelines, and if the Court imposes a sentence which exceeds the statutory maximum penalty. You can appeal those three things, but only those three things. Do you understand that, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Now, have you had a chance to talk with your attorney about this part of your plea agreement?
>
> THE DEFENDANT: Of the plea agreement, yes.
>
> THE COURT: What this waiver means, sir, is that you cannot appeal your sentence on any issue relating to the Sentencing Guidelines unless that concerns an upwards departure. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you make the waiver of appeal knowingly?
>
> THE DEFENDANT: Okay.
>
> THE COURT: Is that a yes?

THE DEFENDANT: Yes.

THE COURT: Do you make it voluntarily?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions at all, sir, about anything in this plea agreement?

THE DEFENDANT: No.

Transcript of Plea Proceedings at 14-16 (Doc. 192). Consequently, Bustos waived the challenges labeled in his motion as "A" and "B," which are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), and whether he was entitled to a minor role adjustment. Additionally, Bustos procedurally defaulted these claims by failing to raise them in his unsuccessful direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994).

Moreover, both grounds are meritless because Apprendi and Blakely are inapplicable on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."). Additionally, Bustos cannot benefit from United States v. Booker, 543 U.S. 220 (2005), which extended the decision in Blakely to the federal sentencing guidelines. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether Booker established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and

2255, the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review."). And contrary to his representation, Bustos's counsel both objected to the pre-sentence investigation report's failure to award Bustos a minor role reduction and argued at sentencing that Bustos was entitled to a minor role reduction, a request this court rejected. Transcript of Sentencing Proceedings at 5-6 (Doc. 193). The availability of a mitigating role adjustment is governed by §3B1.2, United States Sentencing Guidelines, and United States v. De Varon, 175 F.3d 930 (11th Cir.) (en banc), cert. denied, 528 U.S. 976 (1999). Given Bustos's presence on the vessel with other crewmen in possession of more than two tons of cocaine for the purpose of international smuggling, the suggestion that his role is "minor" is facially implausible. The quantity alone is virtually disqualifying. The Eleventh Circuit has adopted this exact result in dozens of so-called "boat cases." See United States v. Valencia-Aguirre, 409 F.Supp.2d 1358, 1361 n.1 (M.D. Fla. 2006).

In Ground "C" Bustos asserts that his counsel was ineffective for failing to seek a downward adjustment pursuant to a "fast track" program. Bustos has not shown that the United States Attorney's Office for the Middle District of Florida has implemented a "fast track" program, and Bustos cannot rely on the existence of a "fast track" program in another district. United States v. Campos-Diaz, 472 F.3d 1278, 1280 (11th Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 2085, 167 L.Ed.2d 804 (2007). See also United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007) (recognizing that no "fast track" program exists in the Middle District of Florida). Counsel cannot be ineffective for failing to pursue a nonexistent adjustment.

Lastly, in Ground "D" Bustos alleges that his plea was not knowing and voluntary. Bustos fails to specify the facts on which he bases this claim. To the extent that he relies on the above discussed alleged defects, his claim of ineffective assistance of counsel is meritless.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Bustos and close this action.

ORDERED in Tampa, Florida, on January 30, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE